**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY LEE KINDER, Jr., | No. 17-15158 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01311-MJS |
| v. | |
| MERCED COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding**

Submitted August 9, 2017***

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Bobby Lee Kinder, Jr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       Kinder consented to proceed before a magistrate judge.  *See* 28 U.S.C.
§ 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Kinder's action because Kinder failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (requirement for establishing municipal liability claim); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining personal participation requirement); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (elements of § 1983 action).

To the extent Kinder requests copies of his medical records, copies of a police report, and the appointment of counsel in his opening brief, Kinder's requests are denied.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                17-15158